Citation Nr: 1749203 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 12-34 4222 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, California


THE ISSUES

1. Entitlement to service connection for a left knee disability.

2. Entitlement to service connection for a right knee disability.

3. Entitlement to service connection for a left leg disability, to include sciatica.

4. Entitlement to service connection for a left eye disability.


ATTORNEY FOR THE BOARD

A. Parsons, Associate Counsel



INTRODUCTION

The Veteran served on active duty from February 1987 through February 1990, August 2007 through June 2008, January 2011 through February 2012, September 2013 through September 2014, June 2015 through August 2015, and May 2016 through August 2016.

In February 2016, the Board remanded the above-listed issues for further evidentiary development. As discussed below, though the requested development was completed, it was not completed adequately. The matter must be remanded for full compliance with the remand instructions. Stegall v. West, 11 Vet. App. 268, 271 (1998).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran's military history was received from the Defense Personnel Records Information Retrieval System (DPRIS) verifying he served on active duty from February 1987 through February 1990, August 2007 through June 2008, January 2011 through February 2012, and September 2013 through September 2014. However, the records also contained orders ordering the Veteran to active duty from June 2015 through August 2015, and May 2016 through August 2016.

The February 2016 remand instructed the RO to obtain service treatment records from his most recent period of active duty and to make another request for his service treatment records from August 2007 through June 2008, January 2011 through February 2012, and September 2013 through September 2014. Any unsuccessful attempts to obtain the Veteran's service treatment records were to be properly documented in the claims file, to include the preparation of a memorandum of unavailability.

A July 2017 email indicates the Veteran's service treatment records were requested from August 2007 through June 2008, January 2011 through February 2012, September 2013 through September 2014, and May 2016 through August 2016. His records from June 2015 through August 2015 were not requested. It does not appear that the Veteran's records were obtained. However, no follow up to the July 2017 email is contained in the claims file, no negative responses have been uploaded, and no memorandum of unavailability has been prepared.

Further, it does not appear that any attempt was made to retrieve the Veteran's service treatment records from any of his periods of service through the Personnel Information Exchange System (PIES).

Therefore, upon remand, all outstanding service treatment records should be obtained. Any unsuccessful attempts to obtain this evidence should be properly documented in the claims file, to include the preparation of a memorandum of unavailability, if warranted.

Accordingly, the case is REMANDED for the following action:

1. Obtain all outstanding service treatment records from the Veteran's periods of active duty, to August 2007 through June 2008, January 2011 through February 2012, September 2013 through September 2014, June 2015 through August 2015, and May 2016 through August 2016, and any subsequent periods of active duty. Copies of all such available documents must be associated with the Veteran's claims file. Any unsuccessful attempts to obtain this evidence should be properly documented in the claims file, to include the preparation of a memorandum of unavailability, if warranted.

2. Then, after completing the above and any other development deemed necessary, readjudicate the claim. If benefits sought on appeal are denied, provide a supplemental statement of the case to the Veteran.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).